

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BETTY R. HAU,<br><br>Debtor. | Case No. LA 03-11290 TD<br><br>Adv. Case No. 04-02202<br><br>Chapter 7 |
| RICHARD DIAMOND, Chapter 7 Trustee,<br>Plaintiff<br><br>v.<br><br>BETTY R. HAU and PING REN,<br>Defendants. | MEMORANDUM OF DECISION<br><br>DATE: June 20, 2005<br>TIME: 9:00 a.m.<br>PLACE: Courtroom 1345 |

I announced my findings and conclusions and tentative decision in this matter following a June 20, 2005 trial, to the effect that the Defendants had engaged in a fraudulent transfer of real property, as alleged by the Plaintiff. I allowed the Defendants 30 additional days within which to file, in writing, evidence to suggest that there was something wrong with Plaintiff's evidence or my tentative decision.

Defendant Betty Hau filed additional evidence on July 20 in the form of a written declaration. Plaintiff filed a reply memorandum and evidentiary objections. Each of Plaintiff's evidentiary objections based on hearsay and lack of foundation is granted. The balance of Ms. Hau's July 20 written declaration, to which the Plaintiff objects, is contradicted in several particulars by other prior statements in the record made by Ms. Hau under oath. Ultimately, Ms. Hau's July 20 declaration is conclusory, unconvincing, and unpersuasive, as is her evidence as a whole. In addition, her conclusory statements are largely uncorroborated by independent documentary or other evidence.

On August 24, Defendant filed additional briefing, a further, untimely Hau declaration, and a request for a hearing to present yet other evidence. In my mind, after reviewing Defendants' August 24 filings, I conclude that the only appropriate purpose for such a hearing would be to allow Plaintiff to challenge by cross-examination the new evidence contained in Ms. Hau's July 20 written declaration. Since I find Ms. Hau's July 20 declaration to be insufficient to overcome the Plaintiff's evidence introduced at trial in June, I do not believe that any further hearing is appropriate or necessary.

Based on the foregoing and a full review of the trial record, including a transcript of the June 20 hearing, I hereby respectfully deny the Defendants' August 24, 2005 request for further hearing. Plaintiff has proved his claim by a preponderance of the evidence. My June 20 oral ruling in favor of Plaintiff shall become my final ruling herein. A separate judgment shall be entered in favor of Plaintiff.

DATED: 9/21/05

THOMAS B. DONOVAN
United States Bankruptcy Judge

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST LISTED BELOW:

1.   You are hereby notified that a judgment or order entitled:

**MEMORANDUM OF DECISION**

was entered on _____.

2.   I hereby certify that I mailed a true copy of the order or judgment to the persons and entities listed below on _____.

Debtor/Defendant
Betty Hau
6470 N. Lemon Ave.
San Gabriel, CA 91775

Defendant
Ping Ren
6470 N. Lemon Ave.
San Gabriel, CA 91775

Defendants' Attorney
Henry Heuer
Prince & Heuer
2029 Century Park East, 21st Floor
Los Angeles, CA 90067-2901

Chapter 7 Trustee
Richard Diamond
Danning Gill Diamond & Kollitz
2029 Century Park East, 3rd Floor
Los Angeles, CA 90067

Attorney for Chapter 7 Trustee
Helen Frazer
Atkinson, Andelson, Loya, Rudd & Romo
17871 Park Plaza Drive, Ste. 200
Cerritos, CA 90703

Office of the U. S. Trustee
Ernst & Young Plaza
725 S. Figueroa St., 26th Floor
Los Angeles, CA 90017

Dated:

_____
Clerk